Matthias, J.
The decision of the only question involved in this case turns upon a determination of the meaning of the phrase “if she [the daughter of testatrix] should die without issue from her own body,” and upon whether this provision contort! *324 plates the death of the daughter as occurring prior to that of the testatrix or whether the condition imposed is to be applied no matter when the daughter should die.
While the decisions of the courts of last resort in the various states and the authors of works upon the subject of wills are not in entire accord upon the proposition, yet it seems quite obvious that the rule applicable to the situation here presented has been long settled in this state. In the case of Parish’s Heirs v. Ferris, 6 Ohio St., 563, the question of the rule of interpretation to be applied to a clause such as that in controversy in this case was first presented in this state, and this court there held:
“Where there is a devise in fee to A, but if he ‘die without heirs,’ or ‘without children,’ or ‘without issue,’ then to B in fee, the words, ‘if he die without issue,’ or words of similar import, are to be interpreted according to their popular and natural meaning, and as referring to the time of the death of A, unless the contrary intention is plainly expressed in the will, or is necessary to carry out its undoubted purposes; and if A have no children or issue living at the time he dies, B takes under such devise.”
The facts involved in that case are quite similar to those in the case at bar, and the rule of construction so concisely stated in that syllabus has been uniformly approved and applied in subsequent cases. Niles v. Gray, 12 Ohio St., 320; Taylor v. Foster’s Admr., 17 Ohio St., 166; Piatt v. Sinton, 37 Ohio St., 353; Durfee v. MacNeil, 58 Ohio St., *325 238, and Anderson v. United Realty Co., 79 Ohio St., 23.
Applying the rule stated, the condition “if she should die without issue” is to be interpreted as referring to the time of the death of the devisee, Edna Bowes, unless the contrary intention is plainly expressed in the will or is necessary to carry out its undoubted purpose. Nowhere in this will is a contrary purpose either expressed or indicated. The desire and purpose of the testatrix that her property should not pass to those who are not of her own blood is not only clearly indicated throughout the will but is emphasized in the language which she employed when she said, “I wish it to be kept separate, and apart from any other property that she [Edna Bowes] may have, and if she should die without issue from her own body, then I wish the above mentioned property, to be equally divided between my brothers.” There could have been no object whatever in directing or requiring the segregation by Edna Bowes of the property devised to her if the limitation or condition was to apply only in the event Edna Bowes died prior to the death of the testatrix. The language above quoted necessarily contemplates the taking of the property and the enjoyment thereof by Edna Bowes, but requires that the property be kept separate so that if the daughter die without leaving issue the express desire of testatrix that it pass to her brothers and sisters or their children might readily be effectuated. The testatrix by this provision clearly discloses her purpose that the title to Edna Bowes shall be a conditional or qualified fee, not passing absolutely in *326 fee simple, but made subject to the contingency stated.
The construction of this will urged by counsel for defendants in error would completely annul the provision just referred to and dispose of the property of the testatrix in a manner contrary to her clearly expressed desire and purpose. If this will is to be so construed that said property should pass to the brothers and sisters only in the event of the death of the daughter prior to the death of the testatrix it would have been unnecessary to make any such provision by will, for that would have been the course of descent under the statute. Nor is there any inconsistency between the purpose indicated by the provision just considered and the later provision, “if any of the above named brothers or sisters, should die before myself, then their children are to have equal shares, of what would have belonged to their parent, if living.” The intent of the testatrix seems quite plain that the children of such of her brothers and sisters as should have died prior to her decease should have the same interest as would otherwise have gone to their respective parents under the terms of the will. The desire of the testatrix is further manifested by the language of Item 3 of her will, and that purpose would be completely thwarted by a holding that the clause under consideration, “die without issue,” refers to any time other than the death of the devisee, Edna Bowes.
The daughter, Edna Bowes, took this property with the requirement that she should keep it separate and apart from any other property she might have. That became her duty, and, in the absence *327 of any evidence on the subject, it is to be presumed that she met this requirement and that she performed the duty imposed. It was in the nature of a trust fund, and if commingled with other property the amount thereof could properly be ordered' paid from the estate left by the daughter, as was done by the court of common pleas in this case upon a determination of the rights and interests of the various parties.
The contention, that an attempted limitation upon the title to personal property, such as here made, is invalid, is not well founded. Upon consideration of a similar question in the case of Martin v. Lapham, 38 Ohio St., 538, this court, speaking through Longworth, J., said, at page 541: “It has long been settled law in Ohio that limitations over of personal property, by way of executory bequest, are valid, and have like effect and operation as in the case of executory devises of realty. And since the decision in Niles v. Gray, 12 Ohio St. 320, followed and affirmed in Piatt v. Sinton, 37 Ohio St. 353, it cannot be doubted but that a devise or legacy, with such limitations as are contained in the will before us, operates to pass to the devisee or legatee an absolute estate in fee determinable only upon the happening of the contingencies provided for.”.
For the reasons stated the judgment of the court of appeals is reversed and that of the common pleas is in all respects affirmed.

Judgment reversed.

Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.